

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-24-2004

# USA v. Davis

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-1883

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Davis" (2004). *2004 Decisions.* Paper 117.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/117

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 04-1883

UNITED STATES OF AMERICA

v.

SHAWN DAVIS,

Appellant

On Appeal from the United States District Court
for the Middle District of Pennsylvania
District Court No. 1:03-CR-00130
District Judge: The Honorable Christopher C. Conner

Submitted Pursuant to LAR 34.1(a)
November 19, 2004

Before: ROTH and SMITH, *Circuit Judges*, and DEBEVOISE,* *District Judge*

(Filed: November 24, 2004)

OPINION OF THE COURT

* The Honorable Dickinson R. Debevoise, Senior District Judge for the District of New
Jersey, sitting by designation.

SMITH, *Circuit Judge*.

After the denial of his motion to suppress the evidence found in the trunk of his car following a traffic stop, appellant Shawn Davis pled guilty to possession with the intent to distribute cocaine and to being a felon in possession of a firearm. In his plea, Davis preserved the right to appeal the District Court's suppression ruling. Davis argues that the traffic stop was impermissibly prolonged in violation of the Fourth Amendment to allow a drug-detecting canine unit to be summoned to conduct a dog sniff of his car. Finding no error, we affirm the judgment of the District Court.

**Factual Background**

As we write only for the parties and their counsel, we abridge our recitation of the facts.

At approximately 3:18 a.m. on June 15, 2002, Officer Adolpho Heredia stopped the car driven by Davis on a probable vehicle inspection violation. Davis entered a parking lot and Heredia pulled in behind. Heredia and Davis exited their cars, and met near the rear door of Davis's car. Through Davis's open door, Heredia could see what appeared to be marijuana stems and a box of "Philly Blunt" cigars, which Heredia testified are often used to roll marijuana.

Though he could not smell alcohol on Davis's breath, Heredia testified that Davis appeared "very high." Davis's eyes were bloodshot and glassy, he had dried saliva on his mouth, and his speech was "very slow and deliberate." Davis further aroused Heredia's

2

suspicions by making furtive movements toward the trunk of his car, and by appearing "animated," "nervous," and "jittery."

Davis produced his license and registration, which Heredia testified took longer for him to process because Davis's was a newly purchased vehicle. A background check revealed Davis's license was suspended. While Heredia was completing paperwork in order to issue Davis a license seizure notification and an inspection violation, two apparent associates of Davis's, Ms. Zaengle and Mr. Sloan, entered the parking lot within several minutes of each other. Zaengle peppered Heredia with questions concerning the basis for the traffic stop of Davis, and Sloan yelled and cursed at Heredia and the other officers who had arrived on the scene, further disrupting the traffic stop.

At 3:49 a.m., Heredia called a canine unit to the scene to scan Davis's vehicle for narcotics. Heredia determined that the scan was warranted based on his observations of Davis's physical condition and demeanor, the apparent marijuana stems and Philly Blunt cigars in his car, and the disruptive behavior of Zaengle and Sloan.

The drug detection dog alerted on the trunk of Davis's car. Heredia told Davis that the car was being seized in order to secure a search warrant to search the trunk. Heredia then returned Davis's registration, issued the license seizure notification, and told Davis that he was free to leave. Davis's car was towed, and Heredia secured a search warrant. The search revealed crack cocaine, powder cocaine, and psilocin. Davis was arrested months later, and the firearm violation stems from that event.

3

The District Court determined that based on the totality of the circumstances, Heredia had reason to suspect the presence of narcotics in Davis's car which justified summoning the canine unit. Citing *United States v. Frost*, 999 F.2d 737, 741-42 (3d Cir. 1993), the District Court further determined that the prolongation of the stop to effect the canine sniff did not corrupt the validity of the stop because the officers acted diligently, and that any delay was caused by Zaengle and Sloan acting on Davis's behalf.

**Jurisdiction and Standards of Review**

The District Court had jurisdiction under 18 U.S.C. § 3231, and we have jurisdiction pursuant to 18 U.S.C. § 1291. This Court reviews the factual bases of the District Court's denial of the motion to suppress for clear error, and exercises plenary review of its application of the law to properly found facts. *United States v. Riddick*, 156 F.3d 505, 509 (3d Cir. 1998).

**Discussion**

The Fourth Amendment protects individuals from unreasonable searches and seizures. In *Terry v. Ohio*, the Supreme Court held that brief investigative detentions constitute Fourth Amendment "seizures," the reasonableness of which is fact-dependent, and calls for balancing the "nature and extent of the governmental interests" justifying the seizure against the "nature and quality of the intrusion on individual rights" that the seizure imposes. 392 U.S. 1, 22 (1968). The officer may effect a *Terry* stop only if he can "point to specific and articulable facts which, taken together with rational inferences

4

from those facts, reasonably warrant that intrusion." *Id*. at 21. The test considers the "totality of the circumstances" surrounding the seizure, and allows the officer to make "commonsense judgments and inferences about human behavior." *Illinois v. Wardlow*, 528 U.S. 119, 124-25 (2000).

Davis argues that although Heredia had probable cause to effect the stop, the officer lacked sufficient reasonable and articulable suspicion to prolong the detention for the dog sniff of the car. To this end, Davis endeavors to undermine each of the factors Heredia relied upon for summoning the canine unit, asserting that Heredia's testimony was simply an attempt to mask the officer's desire to search Davis's car. Specifically, Davis observes that (1) the apparent marijuana stems were in fact lawn debris, and the apparent Philly Blunts were in fact a less desirable brand of cigars for smoking marijuana; (2) Heredia did not test Davis for chemical intoxication or cite him for driving while impaired; (3) anyone – guilty or innocent – would be nervous under the circumstances; and (4) there were other officers present to secure the scene, so Heredia's testimony describing the Zaengle and Sloan distractions was merely an excuse for delaying the processing of Davis's paperwork long enough to enable a canine scan to be performed.

Assuming that the stop was prolonged to conduct the dog sniff, triggering *Terry* balancing,[1] we agree with the District Court that the totality of the circumstances

---

[1] We need not determine whether the dog sniff in these circumstances, standing alone, constituted a search triggering *Terry* balancing, a question on which the Supreme Court recently heard argument, but has yet to rule. *See Illinois v. Caballes*, 207 Ill. 2d 504 (2003), *cert. granted*, 124 S. Ct. ___ (Apr. 5, 2004) (No. 03-923) (argued Nov. 10, 2004).

recounted above led Heredia reasonably to believe that Davis had or was engaged in illegal activity. Further, we conclude that Heredia possessed the requisite quantum of suspicion to seize Davis and the car for the approximately 45 minutes between the initial stop and the dog alert on the trunk. Davis's "divide-and-conquer" approach of attacking Heredia's articulated circumstances seriatim misrepresents the "totality of the circumstances" analysis, and has been specifically rejected by the Supreme Court. *See United States v. Arvizu*, 534 U.S. 266, 274 (2002). Rather than view each circumstance in isolation, as Davis urges, the totality of the circumstances test "allows officers to draw on their own experiences and specialized training to make inferences from and deductions about the cumulative information available to them." *Id*.

We find no clear error in the District Court's crediting of Heredia's testimony, and the officer's articulated circumstances, taken together and in light of his training and experience, warranted the prolonged seizure for the purpose of conducting the dog sniff. We also agree with the District Court that Heredia and the other officers on the scene acted diligently in conducting the dog scan of the car, thereby minimizing the intrusion on Davis's liberty interests. *See Frost*, 999 F.2d at 742 (noting that a demonstrated lack of concern or lack of diligence by officers which prolongs an investigative seizure can render a detention unreasonable for Fourth Amendment purposes). The canine unit arrived within several minutes of being summoned. The delay of approximately 31

Even assuming it was a search, its limited intrusiveness would not weigh heavily enough in the *Terry* analysis to change the outcome.

6

minutes between the time the stop began and the time Heredia requested the canine unit was not due to a lack of diligence on Heredia's part; rather, the delay was caused by the additional time needed to sort out the paperwork on Davis's newly purchased vehicle and by the obstructionist behavior of Zaengle and Sloan.  In any event, Davis's argument here is undercut by the fact that his driver's license was suspended and he could not have legally driven the car away.

For the foregoing reasons, the judgment of the District Court is affirmed.